UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TEJADA FRANCISCO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br><br>Respondents. | No. 1:26-cv-04538-DJC-CSK<br><br>ORDER |

Before this Court is Mario Tejada Francisco's Petition for Writ of Habeas Corpus. (ECF No. 1.) Because the Court finds Petitioner's detention is authorized by 8 U.S.C. § 1226(a) and he has been afforded a proper bond hearing before an Immigration Judge ("IJ"), the Petition is DENIED.

**BACKGROUND**

Petitioner, a citizen of Mexico, entered the United States pursuant to a nonimmigrant H2A visa, but stayed beyond the termination of his visa. (Opp'n (ECF No. 6) at 1.) In 2020, he was jailed for driving without a valid license and participating in an unlawful race, detained by immigration authorities, and released on his own recognizance in 2021. (Opp'n, Ex. 1 (ECF No. 6-1) at 1–3.) In January 2026, after Petitioner was arrested for Driving Under the Influence (DUI) and driving with an

expired drivers' license, he was once again taken into custody by immigration authorities. (*Id.* at 2.)

The Court initially ordered Respondents to respond to the Petition, noting similarities between this case and prior orders issued by the Court. (*See* ECF No. 5 (citing *Morillo v. Albarran, No. 1:25-cv-01533-DJC-AC* and *E.L.D.M. v Becerra, No. 1:25-cv-01906-DJC-JDP*).) However, Respondents have now provided evidence that Petitioner received a custody redetermination hearing on April 16, 2026. (*See* IJ Order (ECF No. 8-1).) The briefing on this matter is now complete. (Pet. (ECF No. 1); Opp'n; Status Report (ECF No. 8).)

**DISCUSSION**

Petitioner is detained under 8 U.S.C. § 1226(a). which authorizes an alien's detention "pending a decision on whether the alien is to be removed from the United States." Petitioner argues that his "prolonged and unlawful detention" violates his "due process clause rights" (Pet. at 1). He further states that he overstayed his visa because he is married to a U.S. citizen spouse. (*Id.* at 7.) However, Petitioner has presented no evidence that he has a pending application or status barring his removal, or that his removal is otherwise infeasible. *See Zadvyas v. Davis*, 533 U.S. 678, 697, 121 S.Ct. 2491 (2001).

Respondents have submitted evidence showing that Petitioner was afforded an individualized custody hearing before a neutral immigration judge. (IJ Order at 1.). On July 8, 2026, Petitioner received the custody redetermination hearing he requested in front of an Immigration Judge where he carried the burden. (IJ Order at 1.) The Immigration Judge considered the factors set out in *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006), and made a specific, record-based finding based on Petitioner's DUI arrest. (*Id.*) As such, Petitioner is not entitled to relief on the grounds stated in his Petition.

////

////

**CONCLUSION**

For the reasons set forth above, the Petition is DENIED. This denial is without prejudice to any other claims not raised in the petition. The Clerk of Court is directed to close the file in this case.

IT IS SO ORDERED.

Dated: **September 14, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-TejadaFrancisco-126-cv-04538.merits